**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KYLE DION GISPANSKI,<br><br>                Petitioner-Appellant,<br><br>  v.<br><br>P. D. BRAZELTON,<br><br>                Respondent-Appellee. | No.   17-56667<br><br>D.C. No.<br>5:13-cv-02284-MWF-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 11, 2019[**]
Pasadena, California

Before:  D.W. NELSON, CALLAHAN, and OWENS, Circuit Judges.

Petitioner-Appellant Kyle Gispanski appeals the district court's denial of his

federal habeas petition for ineffective assistance of counsel under 28 U.S.C.

§ 2254. We affirm the district court's denial because the record does not leave a

"definite and firm conviction that a mistake has been committed."

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo a district court's decision to deny a habeas petition under 28 U.S.C. § 2254(d). *Powell v. Galaza*, 328 F.3d 558, 562 (9th Cir. 2003). We review the district court's findings of fact, including credibility determinations, for clear error. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc); *see also* Fed. R. Civ. P. 52(a). Review under the clearly erroneous standard is significantly deferential, requiring a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011). An appellate court "will not reverse a lower court's finding of fact simply because [it] 'would have decided the case differently.'" *Easley*, 532 U.S. at 242 (citation omitted). Moreover, if "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Elliott*, 322 F.3d 710, 715 (9th Cir. 2003) (citation omitted).

Gispanski alleges that the district attorney extended a ten-year plea offer, and that his retained defense attorney counseled him to reject it. Gispanski further alleges that he rejected the plea because his defense attorney told him it was excessive and that certain sentencing enhancements did not apply. Gispanski argues that because his attorney was wrong about the applicability of the sentencing enhancements, the first *Strickland* prong is met. *See Strickland v.*

*Washington*, 466 U.S. 668, 688 (1984) ("[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness."). To satisfy the second prong, Gispanski claims that he would have accepted the plea, but for his attorney's bad advice. The prosecutor, however, claims he never extended a ten-year plea offer to Gispanski or his attorney. If there was no plea offer, then there was no ineffective assistance.

In January 2008, the prosecutor and Gispanski's first defense attorney, Public Defender Brian Cosgrove, discussed Gispanski entering an open plea to an assault with a deadly weapon charge. An open plea would have left sentencing discretion to the court, but both the prosecutor and the public defender believed the court would impose a ten-year sentence. The prosecutor said he believed a ten-year sentence was appropriate and would not oppose it. Gispanski ultimately rejected the open plea offer because he did not want any prison time.

In February 2008, the prosecutor amended the complaint to include an attempted murder charge. In anticipation of trial, Gispanski fired his public defender and hired David Haigh (lead defense counsel) and Thomas Chapin (second chair). The prosecutor testified that after he filed the attempted murder charge, he did not extend any more plea offers. In fact, under California law and department policy, after he filed the attempted murder charge he did not have the authority to extend an offer. The prosecutor also testified that while he would have

3

entertained a settlement offer from the defense, the defense never made an offer.

Sometime between February and April 2008, the defense investigator claims he overhead the prosecutor extend a ten-year plea to Haigh. Moreover, the defense investigator, Chapin, and Gispanski all testified that Haigh communicated this ten-year plea offer to Gispanski and advised him to reject it.

Haigh, however, testified that he did not remember the prosecutor extending a plea offer, or personally discussing such an offer with Gispanski. Similarly, Gispanski's state appellate counsel testified that when she questioned Haigh and Chapin about plea offers in July 2012, neither could remember the prosecutor extending a ten-year plea offer.

To support his version of events, Gispanski relies on two additional pieces of evidence that he claims the district court did not adequately consider. First, he points to a March 2008 preliminary hearing where the prosecutor and Haigh asked the trial court for a continuance to allow further investigation and disposition discussions. Second, at a pretrial hearing in May 2009, in response to the trial asking whether the defense had made any offers to the prosecution, Haigh stated that they had not discussed offers for over a year and a half and that his client had rejected a different offer.

After the hearing and reviewing all the evidence, the district court denied the petition and made a factual finding that the prosecutor did not extend a ten-year

plea offer.  On appeal, Gispanski asks us to reweigh the evidence and second-guess the district court's factual and credibility determinations. This, however, would be improper. The standard of review for factual finding is clear error—a deferential standard. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). This means even if we were to have weighed the evidence differently on initial review, we cannot reverse without a "definite and firm conviction that a mistake has been committed." *Easley*, 532 U.S. at 242. Such a definite and firm conviction does not exist here.

The district court weighed conflicting evidence. Some witnesses testified that the prosecutor did not make a ten-year offer, while others testified that they heard the prosecutor make such an offer or at least had heard about it. The district court believed, as is its prerogative, the witnesses who testified that the prosecutor did not make a ten-year offer. The district court noted the "appearance, tone, and presentation" of the witnesses' testimony when it made its credibility determinations.

The two pieces of evidence Gispanski claims the district court did not properly consider do not help him. Each of those pieces of evidence lends itself to reasonable alternative inferences. That the district court chose one reasonable alternative inference over the other is not clear error. For example, it does not mean the prosecutor extended a ten-year plea offer because the prosecutor and

defense counsel asked for a continuance at the March 2008 preliminary hearing. While that is one reasonable inference, another reasonable inference is that the prosecutor was waiting for defense counsel to make an offer. The prosecutor testified as such. The district court did not commit clear error because it chose the first inference.

The district court, similarly, did not commit clear error when it disregarded Haigh's statement at the pretrial hearing that he and the prosecutor had not discussed offers for over a year and a half and that his client had rejected a different offer. First, the pretrial hearing took place in May 2009, so a year and a half earlier would have been before Gispanski retained Haigh as defense counsel in February 2008. The statement is, therefore, inconsistent with Gispanski's claim that the prosecutor extended a ten-year offer to defense counsel sometime between February and April 2008. In addition, defense counsel's reference to "a different offer" at the May 2009 hearing could have referred to the open plea offer made when Cosgrove, the public defender, represented Gispanski. Again, the district court chose one of several reasonable inferences. This is not clear error.

Because we affirm the district court's factual finding that there was no ten-year plea offer, we need not address whether Gispanski would have accepted a ten-year offer had the prosecutor made it. **AFFIRMED.**

6